IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAHEEM MASSIAH ASKEW,<br><br>Defendant. | Case No. 4:26-cr-53 |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

The United States of America, by and through its undersigned attorneys, hereby responds in opposition to Defendant's Motion to Dismiss Indictment, ECF No. 27 ("the Motion").

The defendant, Raheem Massiah Askew, is charged with one count of Deprivation of Rights under Color of Law, in violation of 18 U.S.C. §§ 242 and 250. ECF No. 10. In his Motion, the Defendant asserts that § 242 is unconstitutionally vague and that a prosecution under § 242 for deprivation of the fundamental right to bodily integrity violates due process.

These arguments fail as a matter of law. Courts have long recognized that sexual abuse committed by a state actor violates the Constitution. In fact, *United States v. Lanier*, 520 U.S. 259 (1997), relied upon the defendant in his Motion, involved a state official who committed sexual assault and was prosecuted under § 242. The instant, analogous prosecution does not violate the defendant's constitutional rights, and the Court should deny his Motion to Dismiss.

**BACKGROUND**

On April 3, 2026, the defendant was charged by criminal complaint with one count of Deprivation of Rights under Color of Law, in violation of 18 U.S.C. §§ 242 and 250, and an arrest

warrant was issued. ECF Nos. 1, 3. On July 1, 2026, he was arrested, after the Newport News Commonwealth's Attorney's Office nolle prossed his rape charge in favor of federal prosecution. ECF No. 8. His initial appearance was held that afternoon. ECF No. 5.

On July 8, 2026, the defendant was indicted by a grand jury in the Eastern District of Virginia with one count of Deprivation of Rights under Color of Law. ECF No. 10. Specifically, Count One of the Indictment alleges that, in violation of 18 U.S.C. §§ 242 and 250(a), (b)(1):

> On or about March 14, 2026, at or near the City of Newport News, within the Eastern District of Virginia, the defendant, RAHEEM MASSIAH ASKEW, while acting under color of law, willfully deprived Victim 1 of her fundamental right to bodily integrity, a right secured and protected by the Constitution and laws of the United States, when he penetrated Victim 1's vulva with his penis without Victim 1's consent and when Victim 1 was incapable of appraising the nature of the conduct and was physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act. The offense involved sexual abuse as defined in 18 U.S.C. § 2242.

A detention hearing and arraignment were conducted on July 9, 2026, before United States Magistrate Judge Douglas E. Miller. ECF No. 14. The court found that there were terms and conditions that could be imposed to guarantee the safety of the community and the presence of the defendant at future proceedings. ECF No. 16. The United States noted its appeal, and the court stayed its release order. The matter was set for a status conference on July 21, 2026, to schedule the case for trial.

On July 10, 2026, the United States, without objection from the defense, filed a motion to designate the case complex and set outside of the 70-day speedy trial timeframe. ECF No. 17. That same day, the United States filed a Motion to Revoke Release Order, ECF No. 18. During the status conference call on July 21, 2026, the Court granted the Consent Motion to Deem Case Complex, set a motions deadline of September 15, 2026, scheduled a status conference for October 6, 2026, and set trial for December 1, 2026. ECF No. 21.

On July 28, 2026, the Court held a hearing on the United States' Motion to Revoke Release Order. ECF No. 26. At the conclusion of the hearing, the Court denied the motion and ordered the defendant to be released on bond. *Id.*

The defendant filed the instant Motion to Dismiss Indictment on September 15, 2026. ECF No. 27. On September 25, 2026, the Court removed the October 6 status conference from the calendar, pending ruling on the Motion. On September 28, 2026, the Court granted the United States' motion for additional time to respond to the Motion and ordered that the government file its response by October 6, 2026.

## ARGUMENT

Courts have repeatedly upheld the constitutionality of 18 U.S.C. § 242. And despite the defendant's contention to the contrary, it has long been established that the Due Process Clause of the Fourteenth Amendment protects individuals' fundamental right to liberty, including the right to bodily integrity. *See Washington v. Glucksberg*, 521 U.S. 702, 719–20 (1997) (recognizing fundamental right to bodily integrity under Due Process Clause); *Albright v. Oliver*, 510 U.S. 266, 272 (1994) ("The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and *the right to bodily integrity*." (emphasis added)); *see also Rochin v. California*, 342 U.S. 165 (1952); *Doe v. Rosa*, 795 F.3d 429, 436–37 (4th Cir. 2015) ("Under established precedent, these constitutional rights include a Fourteenth Amendment substantive due process right against state actor conduct that deprives an individual of bodily integrity." (citing *Hall v. Tawney*, 621 F.2d 607, 612–13 (4th Cir. 1980))).

It is also well-established that the due process right to bodily integrity encompasses the right to be free from sexual abuse by a state actor. *See Rogers v. City of Little Rock*, 152 F.3d 790, 796 (8th Cir. 1998) (collecting cases); *Jones v. Wellham*, 104 F.3d 620, 628 (4th Cir. 1997)

(describing this due process right under the Fourteenth Amendment as "protection against unreasonable bodily intrusions by state actors" in discussing a claim based on abusive sexual conduct); *see also Dang Vang v. Xiong*, 944 F.2d 476, 480 (9th Cir. 1991) (affirming verdict finding that state actor was liable under § 1983 when he raped women whom he encountered through his state employment).

Relying on *Lanier*, 520 U.S. 259, the defendant asserts that 18 U.S.C. § 242 is unconstitutionally vague. But the defendant misapplies *Lanier*. The Supreme Court in *Lanier* rejected the Sixth Circuit's overly restrictive "fair warning" standard, which would have required a Supreme Court decision recognizing the specific constitutional right in a case involving fundamentally similar facts. *Id.* at 268. Rather, the Court concluded, the state of the law—including Court of Appeals precedent—must have provided "fair warning" that the charged conduct violated constitutional rights, privileges, or immunities at the time it allegedly occurred. *Id.* at 264–66. And in vacating and remanding the case on that basis, the Court rejected the defendant's argument that the right to be free from assault committed by a state official was limited only to encounters occurring within a custodial setting. *Id.* at 272 n.7. Thus, the Court recognized that the Fourteenth Amendment provides individuals with a right to bodily integrity. *Id.*

Here, the above-cited cases provided the defendant with more than ample warning that his conduct violated the victim's constitutional rights. *See Lanier*, 520 U.S. at 269 (holding that if prior court decisions, including decisions by Courts of Appeal, "gave reasonable warning that the conduct then at issue violated constitutional rights," then § 242 did not present vagueness issues). The law was clear that sexual abuse under color of law violated individuals' constitutional right to bodily integrity under the Fourteenth Amendment Due Process Clause. *See, e.g.*, *Rogers,* 152 F.3d at 796 (collecting cases); *Jones*, 104 F.3d at 628 (describing rape as a substantive due process

violation); *United States v. Golubski*, No. 22-cr-40055, 2024 WL 3202345, at *6 (D. Kan. June 27, 2024) (listing cases and providing historical support); *see also Lanier*, 520 U.S. at 269 (finding that the facts of a prior decision need not exactly match the defendant's conduct).

The defendant also claims that "it is not apparent that there is any freestanding fundamental right to bodily integrity, particularly in light of the Supreme Court's decision in *Dobbs* [*v. Jackson Women's Health Org.*, 597 U.S. 215, 239 (2022)]." Mot. at 6 (internal quotation marks and citation omitted). But the Supreme Court in *Dobbs* made quite clear that it was examining *only* whether the Constitution conferred a right to an abortion. *See id.* at 290 ("[T]o ensure that our decision is not misunderstood or mischaracterized, we emphasize that our decision concerns the constitutional right to abortion and no other right. Nothing in this opinion should be understood to cast doubt on precedents that do not concern abortion."). And to the best of the United States' knowledge, the Supreme Court, nor any other court, has ever suggested that Fourteenth Amendment substantive due process rights do not include a right to bodily integrity. Because *Dobbs* made it clear that the only bodily integrity right disturbed by the Court was the right to abortion, and Fourth Circuit precedent establishes rape as a substantive due process violation, the defendant's argument is meritless.

The Supreme Court and the Fourth Circuit have repeatedly recognized the right to be free from violations of bodily integrity by state actors under the Fourteenth Amendment. Defendants throughout the country have been successfully prosecuted for committing acts similar to what the defendant is accused of committing, both before and after *Lanier*. *See, e.g.*, *United States v. Volpe*, 224 F.3d 72 (2d Cir. 2000) (affirming sentence of a police officer convicted of sexual assault of a victim in police custody in violation of § 242); *United States v. Contreras*, 950 F.2d 232 (5th Cir. 1991) (finding evidence sufficient for a jury to conclude that an on-duty police officer violated

§ 242 when he committed sexual assault); *see also Golubski*, 2024 WL 3202345, at *6 ("[T]he overwhelming weight of authority and tradition suggests that the right not to be subjected to sexual assault . . . by state actors has been part of 'ordered liberty' for centuries.").

It is clearly established, and was clearly established at the time of the defendant's offense conduct in this case, that a state actor violates a person's right to bodily integrity when he commits a sexual assault or sexual abuse under color of law. The defendant has failed to establish that § 242 is unconstitutionally vague on its face or is unconstitutional as applied to him in this case.[1]

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's Motion to Dismiss.

Respectfully submitted,

TODD W. BLANCHE
ATTORNEY GENERAL

THEOPHANI K. STAMOS
FIRST ASSISTANT UNITED
STATES ATTORNEY

By: /s/

Eric M. Hurt
Alyson C. Yates
Assistant United States Attorneys
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News, VA 23606
Office: (757) 591-4026
Fax: (757) 591-0866
Email: eric.hurt@usdoj.gov;
alyson.yates@usdoj.gov

[1] The defendant also criticizes *Screws v. United States*, 325 U.S. 91 (1945), but *Screws* remains good law and did not render the statute vague. There, the Supreme Court addressed the constitutionality of a prior version of § 242. The petitioners argued that there was no ascertainable standard of guilt based on the fluidity of due process jurisprudence. *Id.* at 94–96. The Court rejected that argument and construed "willfully" to require "a specific intent to deprive a person of a federal right made definite by decision or other rule of law," thereby defeating the petitioners' vagueness arguments based on the scope of rights the statute encompassed. *Id.* at 103–04.

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing ("NEF") to all counsel of record.

/s/
Alyson C. Yates
Assistant United States Attorney